T.C. Summary Opinion 2004-175


UNITED STATES TAX COURT


MARIE SUZE BIEN-AIME, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 3456-04S.          Filed December 27, 2004.


Marie Suze Bien-Aime, pro se.

Miriam C. Dillard, for respondent.


DEAN, Special Trial Judge:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time that the petition was filed.  Unless otherwise indicated, all subsequent section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

Respondent determined deficiencies in petitioner's Federal income taxes and accuracy-related penalties as follows:

| Year | Deficiency | Penalty Sec. 6662(a) |
|------|------------|----------------------|
| 2000 | $10,235 | $1,994.80 |
| 2001 | 8,265 | 1,275.80 |

After a concession,[1] the issues remaining for decision are whether petitioner:  (1) Received unreported income during 2000 and 2001; (2) is entitled to deductions on Schedule A, Itemized Deductions, in excess of those allowed by respondent for 2000 and 2001; and (3) is liable for accuracy-related penalties for 2000 and 2001.

## Background

The stipulation of facts and the exhibits received into evidence are incorporated herein by reference.  Petitioner resided in Coral Springs, Florida, at the time the petition was filed.

A.  Petitioner's 2000 Tax Return

For 2000, petitioner paid a return preparer to complete her Form 1040, U.S. Individual Income Tax Return.  On the return, petitioner reported $63,885 in wages and $7,318 of Federal tax

---

[1]Respondent concedes that petitioner reported $936 of nonemployee compensation from Sunrider International and the corresponding self-employment tax.

withheld. Petitioner reported no other income for 2000. Petitioner signed the return without reviewing it when it was presented to her by her preparer. Petitioner described him as a "professional".

On her 2000 Schedule A, petitioner reported $20,014 of medical and dental expenses, $3,353 of real estate taxes, $8,621 of mortgage interest, $4,000 of charitable contributions and $18,719 of miscellaneous business expenses.

1. <u>Petitioner's Income</u>

Respondent received Forms W-2, Wage and Tax Statement, from third-party payors reporting that petitioner received the following wages during 2000:

| Vendor | Amount |
|--------|--------|
| Vitas Healthcare | $38,401 |
| Harrison Group | 2,224 |
| Sunshine Companies II | 6,181 |
| Memorial Healthcare System | 9,938 |
| Holy Cross Long Term Care | 9,945 |
| Total | 66,689 |

Respondent also received information from third-party payors reporting additional payments to petitioner. Fidelity Investments issued two Forms 1099-B, Proceeds From Broker and Barter Exchange Transactions, reporting $5,097 in stock proceeds paid to petitioner. Sunrider International issued a Form 1099-MISC, Miscellaneous Income, reporting nonemployee compensation of $936. First Union National Bank and Washington Mutual Bank each issued a Form 1099-INT, Interest Income, reporting interest

income of $74 and $11, respectively. Fiserv Securities issued a Form 1099-DIV, Dividends and Distributions, reporting $570 of capital gain dividends and $58 of ordinary dividends.

### 2. Petitioner's Deductions

Respondent received a Form 1098, Mortgage Interest Statement, issued by Market Street Mortgage for 2000 reporting that petitioner paid $11,006 in mortgage interest. Respondent allowed petitioner a mortgage interest deduction for this higher amount. Respondent also allowed petitioner's reported deduction for real estate taxes. Petitioner's remaining deductions were disallowed due to lack of substantiation.

### 3. Accuracy-Related Penalty

Respondent determined that petitioner is liable for an accuracy-related penalty under section 6662(a) for 2000.

## B. Petitioner's 2001 Tax Return

For 2001, petitioner again retained the same preparer. On her Form 1040, she reported $56,621 in wages and $2,024 of income from capital gains. Petitioner also reported $8,386 of Federal tax withheld. She reported no other income for 2001. Petitioner did not review the return before signing and mailing it.

On her 2001 Schedule A, petitioner reported $20,044 of medical and dental expenses, $3,353 of real estate taxes, $8,621 of mortgage interest, $4,000 of charitable contributions and $18,132 of miscellaneous business expenses.

1.  Petitioner's Income

Respondent received Forms W-2 from third-party payors reporting that petitioner received the following wages during 2001:

| Vendor | Amount |
| --- | --- |
| Kindred Nursing Centers | $10,403 |
| Vitas Healthcare | 15,551 |
| Memorial Healthcare System | 40,092 |
| Holy Cross Long Term Care | 976 |
| Total | 67,022 |

Respondent also received information from third-party payors reporting additional payments to petitioner.  Washington Mutual Bank issued a Form 1099-INT reporting interest income of $21. Fiserv Securities issued both a Form 1099-DIV reporting $19 of capital gain dividends and Form 1099-B reporting $2,000 of stock proceeds.

2.  Petitioner's Deductions

Respondent received Forms 1098 issued by Market Street Mortgage and Alliance Mortgage for 2001 reporting that petitioner paid $4,551 and $6,333, respectively in mortgage interest. Respondent allowed petitioner a mortgage interest deduction for this higher amount.  Respondent also allowed petitioner's

reported deduction for real estate taxes. Petitioner's remaining deductions were disallowed due to lack of substantiation.

3. Accuracy-Related Penalty

Respondent determined that petitioner is liable for an accuracy-related penalty under section 6662(a) for 2001.

Discussion

Generally, the Commissioner's determinations of unreported income in a notice of deficiency are presumed correct, and the taxpayer has the burden of proving that those determinations are erroneous. See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). In certain circumstances, however, section 7491(a)(1) places the burden of proof on the Commissioner. Petitioner has not alleged or shown that section 7491 is applicable in this case.

Petitioner did not call any witnesses or otherwise introduce any evidence to show error in respondent's determinations of her proper income tax liability. Petitioner, in fact, made no argument that respondent's adjustments are incorrect. She feels she was misled by her return preparer. The Court finds that petitioner has failed to meet her burden and, subject to a concession by respondent, sustains respondent's determination with respect to the 2000 and 2001 unreported income.

Petitioner has not provided any evidence to substantiate an allowance of itemized deductions in excess of those allowed by respondent. Respondent's determination is sustained.

Under section 7491(c), the Commissioner has the burden of production in any court proceeding with respect to the liability of any individual for any penalty or addition to tax. Higbee v. Commissioner, 116 T.C. 438, 446-447 (2001). In order to meet his burden of production, the Commissioner must come forward with sufficient evidence indicating that it is appropriate to impose the addition to tax for failure to file in the particular case. Id. at 446. Once the Commissioner meets his burden of production, the taxpayer must come forward with evidence sufficient to persuade a court that the Commissioner's determination is incorrect. Id. at 447.

Respondent determined petitioner is liable for an accuracy-related penalty pursuant to section 6662(a) for each of the years in issue. Section 6662(a) imposes a penalty of 20 percent of the portion of the underpayment which is attributable to, inter alia, negligence or disregard of rules or regulations. Sec. 6662(b)(1). Negligence is the "'lack of due care or failure to do what a reasonable and ordinarily prudent person would do under the circumstances.'" Neely v. Commissioner, 85 T.C. 934, 947 (1985) (quoting Marcello v. Commissioner, 380 F.2d 499, 506 (5th Cir. 1967)). It includes any failure by the taxpayer to

keep adequate books and records or to substantiate items properly.  Sec. 1.6662-3(b)(1), Income Tax Regs.  The term "disregard" includes any careless, reckless, or intentional disregard.  Sec. 6662(c).

No penalty shall be imposed if it is shown that there was reasonable cause for the underpayment and the taxpayer acted in good faith with respect to the underpayment.  Sec. 6664(c).  The determination of whether a taxpayer acted with reasonable cause and in good faith is made on a case-by-case basis, taking into account all pertinent facts and circumstances.  The most important factor is the extent of the taxpayer's effort to assess the taxpayer's proper tax liability.

The evidence in the record shows that petitioner failed to report substantial amounts of income for her 2000 and 2001 tax years.  Petitioner made no effort to review the returns before signing them and blamed her return preparer for the omissions.

Taxpayers have a duty to read a return and to make sure all items are included.  Magill v. Commissioner, 70 T.C. 465, 479-480 (1978) (citing Bailey v. Commissioner, 21 T.C. 678, 687 (1954)), affd. 651 F.2d 1233 (6th Cir. 1981).  Petitioner's failure to carefully review her return was not reasonable.  See Guenther v. Commissioner, T.C. Memo. 1995-280.  On the basis of the record, the Court concludes that petitioner is liable for the accuracy-related penalty under section 6662(a) for 2000 and 2001.

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155</u>.